FILED
United States Court of Appeals
Tenth Circuit

May 25, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BILLY JOE WINROW,

        Plaintiff - Appellant,

        v.

JUSTIN JONES, Director; WALTER
DINWIDDIE, Warden; JAMES
LOWMAN, employee; JACK
LEMONS, employee; SGT. REEVES,
employee,

        Defendants - Appellees.

No. 10-5019

(N.D. Oklahoma)

(D.C. No. 4:08-CV-00761-JHP-TLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Billy Joe Winrow, an Oklahoma state prisoner proceeding pro se, appeals

the dismissal of his civil-rights claim under 42 U.S.C. § 1983 against various

personnel of the Oklahoma Department of Corrections. The United States District

Court for the Northern District of Oklahoma ruled that his claims were barred by

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his failure to exhaust his administrative remedies.  *See* 42 U.S.C. § 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291.

We see no error in the cogent decision by the district court. As we understand Mr. Winrow's brief on appeal, the essence of his argument is that there were no administrative remedies to pursue because the prison informed him (apparently incorrectly) in its response to a request to staff (RTS) that the matter was the subject of litigation and therefore could not be considered.  We reject the argument.  First, Mr. Winrow does not explain why he could not have pursued the denial of his RTS by filing a grievance through proper prison procedures.  Second, the record establishes that he did not misunderstand the response to his RTS as barring prison administrative remedies; even after that response, he repeatedly submitted grievances and requests to staff (albeit improperly) regarding the same incident.

We AFFIRM the judgment below.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-2-